UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER BLACKMAN, | No. 2:13-cv-0751 KJM GGH |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RON BARNES, | |
| Defendants. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By this action, petitioner challenges a judgment entered against him in the Shasta County Superior Court in 1996. This matter is now before the court on respondent's motion to dismiss the action as barred by the applicable statute of limitations and because it contains an unexhausted claim.

BACKGROUND

On June 4, 1996, petitioner plead guilty to murder. Lod. No. Doc. 1. On July 2, 1996, he was sentenced to life without the possibility of parole. Id. Petitioner did not appeal, but has subsequently filed three state habeas petitions. On September 20, 2007, petitioner filed a petition
/////

1

for a writ of habeas corpus in the Shasta County Superior Court.[1]  On October 5, 2007, that petition was denied as untimely.  ECF No. 1 at 14.  On July 25, 2012, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal.  Lod. Doc. No. 2.  On August 23, 2012, that petition was summarily denied.  Lod. Doc. No. 3.  On September 23, 2012, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  Lod. Doc. No. 4.  On December 12, 2012, that petition was denied.  Lod. Doc. No. 5.  On April 5, 2012, the instant petition was filed in this court.  ECF No. 1.

In his petition before this court, petitioner claims ineffective assistance of counsel and that his judgment was based on an invalid and false confession.  Id.  Specifically, petitioner states the following ten claims: (1) "Petitioner was convicted on the basis of a guilty plea that was the product of ineffective assistance of counsel"; (2) "Petitioner's counsel was ineffective in failing to conduct a reasonable pretrial investigation"; (3) "Petitioner's counsel failed to obtain, consult and use necessary experts, resulting in ineffective assistance of counsel"; (4) "Petitioner's counsel failed to act as his diligent and conscientious advocate, resulting in ineffective assistance of counsel"; (5) "Petitioner's counsel failed to present any mitigating evidence at the sentencing phase"; (6) "Petitioner's counsel was ineffective in failing to advise the defendant of his right to appeal"; (7) "The confession was given in an unknowing and unintelligent state of mind, counsel should've suppressed it"; (8) "Petitioner an indigent was denied access to a free transcript"; (9) "Counsel failed to give Petitioner discovery information, he never received a discovery packet"; and (10) "The state denied me the right of giving a fair statement."  Id.  The last is the unexhausted claim.

ARGUMENTS OF THE PARTIES

In moving to dismiss, respondent argues that the instant petition is time-barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1).  ECF No. 12.  Respondent asserts that the statute of limitations period for petitioner to file a federal petition expired on August 31, 1997.

---

[1] Respondent states that he did not receive a copy of this petition or the Shasta County Superior Court's ruling at the time he filed his motion to dismiss, but that he would lodge these documents one received is the Court requests him to do so.  ECF No. 12 at 2, n. 3.

Id.

In opposition to respondent's motion,[2] petitioner does not oppose respondent's assertion that the petition is time-barred by the applicable one-year statute of limitations. ECF No. 14. Instead, petitioner seems to argue that he is entitled to equitable tolling of the limitations period because he has new evidence establishing his innocence. Id. Although this is not explicitly argued by petitioner, his assertions amount to a claim that this new evidence establishes a credible claim of "actual innocence," thus providing an equitable exception the AEDPA statute of limitations under Schlup v. Delo, 513 U.S. 298 (1995).

In reply, respondent argues that petitioner fails to present a viable claim of actual innocence due to the timing of his petition and the lack of factual support for his actual innocence claim. ECF No 15.

DISCUSSION

I. AEDPA Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The statute of limitations applies to all federal habeas petitions filed after the statute was enacted on April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997). Under § 2244(d)(1)(A), the time for petitioner to file a federal habeas petition began running when his judgment became final. On July 2, 1996, petitioner was sentenced and he did not subsequently appeal. Lod. No. Doc. 1. Thus, his conviction became final sixty days thereafter, on August 31, 1996. See Cal. Rules of Court, Rule 8.308; Mendoza v. Carey, 449F.3d 1065, 1067 (9th Cir. 2006). The one-year limitations period for his seeking of federal habeas relief started the next day, September 1, 1996, and, absent any tolling, expired on August 31, 1997. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

---

[2] Petitioner filed a document entitled "Opposition to the Notice of Lodging Documents," which respondent and this Court construe as an opposition to respondent's motion to dismiss. ECF. No 14; ECF No. 15 at 1.

A. Statutory Tolling

The AEDPA statute of limitations is statutorily tolled during the pendency of any "properly filed" state collateral attack on the judgment. 28 U.S.C. § 2244(d)(2); Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir.1999). Furthermore, the intervals between stages of California's "unusual system of collateral review" will toll the federal limitations period as long as the intervals are each of reasonable duration. Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010). Petitioner filed his first state habeas petition on September 20, 3007, over ten years after the statute of limitations expired on August 31, 1997. Neither his first nor his subsequent state habeas petitions provide for statutory tolling of the statute of limitations as they were all filed after its expiration. Thus, the present petition should be dismissed absent a viable absolute innocence claim.

B. Actual Innocence Exception

"[A] credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the Schlup gateway and have his otherwise time-barred claims heard on the merits." Lee v. Lampert, 653 F.3d 929, 932 (9th Cir. 2011 (en banc). In order to obtain equitable tolling on this ground, however, petitioner must demonstrate "that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." Id. at 937. "Actual innocence means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L.Ed.2d 828 (1998). The actual innocence exception applies to a "narrow class of cases implicating a fundamental miscarriage of justice." Lampert, 653 F.3d at 938.

The habeas petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. Such evidence need not be newly discovered, but only newly presented. Green v. Johnson, 350 F.3d 956, 961-963 (9th Cir. 2003). The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory," admissible at trial or not. House v. Bell, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L.Ed.2d 1 (internal quotation marks omitted); see also Carriger v. Stewart,

4

132 F.3d 463, 477–78 (9th Cir. 1997). In considering this evidence, the court "must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial," and "may consider how the timing of the submission and the likely credibility of the affiants bears on the probable reliability of that evidence." Schlup, 513 U.S. at 332. Then the habeas court makes a "'probabilistic determination about what reasonable, properly instructed jurors would do.'" House, 547 U.S. at 538, quoting Schlup, 513 U.S. at 329.

Although petitioner did not directly assert a claim of actual innocence in his opposition to respondent's motion, he states that he "is actually innocent." ECF No. 14 at 1. Petitioner claims that the victim of the crime he confessed to actually "died of choking on a bottle cap" and that he "had nothing to do with the death." Id. at 1. He asserts that his confession was a lie and that it was given in an "unknowing and involuntary state of mind." Id.; ECF No. 1 at 4. However, he only asserts that his confession was unknowing and involuntary because he did not have an attorney present for his confession, that he believed he would receive leniency for confessing, and that he was misled into believing he would be eligible for parole. ECF No. 1 at 4, 8. Also, petitioner states that he would have confessed his innocence at his sentencing hearing if not for the presence of a probation officer who allegedly raped and molested him as a child. ECF No. 14 at 1-2.

Aside from his own statements, petitioner does not offer any evidence in support of his allegations of constitutional error. It is clear that these statements are not reliable and that they do not constitute scientific evidence, a trustworthy eyewitness account, or critical physical evidence. Also, petitioner's statements have little if any probative force in connection with petitioner's confession, as they were given over ten years apart. See Schlup, 513 U.S. at 332 (the court may consider how the timing of the submission bears on the probable reliability of that evidence); see also McQuiggin v. Perkins, ___ U.S. ___, ___, 133 S. Ct. 1924, 1928 (2013). Furthermore, petitioner never challenged his judgement and sentence. Petitioner's only stated reason for failing to do so was allegedly because an individual was present at his sentencing that raped and molested petitioner in the past. Assuming that the probation officer did assault plaintiff as a child, this does nothing to explain why petitioner did not challenge a "false" confession that had

1  nothing to do with the probation officer, never challenged his conviction after his sentencing

2  hearing, or never challenged it during the lengthy delay between his conviction and the filing of

3  his petitions.  As such, petitioner has failed to support his allegations with sufficient evidence.[3]

4  Moreover, based on the limited information now offered by petitioner, this court does not

5  find that it is more likely than not that no reasonable juror would find him guilty beyond a

6  reasonable doubt.  A juror would certainly be reasonable in affording more weight to a confession

7  made near the date of a crime than to statements refuting that confession which were made for the

8  first time over a decade later.  See Chestang v. Sisto, 522 Fed.Appx. 389, 391 (9th Cir. 2012)

9  (petitioner, having plead guilty and waited ten years to assert he was not the shooter, was not

10 entitled to the actual innocence exception to the AEDPA statute of limitations where he presented

11 a declaration of another man claiming he, not petitioner, was the shooter).  It is clear that this case

12 does not fall into the narrow class of cases implicating a fundamental miscarriage of justice.  See

13 Lampert, 653 F.3d at 938.  Furthermore, an evidentiary hearing is not necessary as the proof

14 submitted thus far would indicate that such a hearing would be futile.  Id. at 936-937 (exacting

15 standard for actual innocence evidentiary hearings).  Therefore, the actual innocence exception to

16 the AEDPA one-year statute of limitations does not apply here.

17 CONCLUSION

18 ACCORDINGLY, the undersigned recommends that respondent's motion to dismiss

19 (ECF No. 12) be GRANTED.  There is no need to examine whether the last claim could be

20 denied on a limitations basis, see 28 U.S.C. section 2254 (b)(2) (unexhausted claims may be

21 dismissed on their "merits") or makes this petition a mixed one, as all other claims should be

22 dismissed leaving a sole unexhausted claim.  A petition with only unexhausted claims must be

23 dismissed.  Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) .

24 These findings and recommendations are submitted to the United States District Judge

25 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen

---

[3] Furthermore, the statements petitioner provides in his claim do not constitute "evidence," as they are part of his claim and he has not filed a declaration in support of his claims containing the pertinent information.  A declaration containing the same information in petitioner's claims, however, would not alter this decision.

(14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 7, 2013

                                       /s/ Gregory G. Hollows

                               UNITED STATES MAGISTRATE JUDGE

GGH 33: blac0751.hc.mtd.fr