UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER BLACKMAN,<br><br>         Plaintiff,<br><br>     v.<br><br>RON BARNES,<br><br>         Defendants. | No. 2:13-cv-0751 KJM GGH<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding <u>pro se</u> and <u>in forma pauperis</u> with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By this action, petitioner challenges a judgment entered against him in the Shasta County Superior Court in 1996. This matter is now before the court on respondent's motion to dismiss the action as barred by the applicable statute of limitations and because it contains an unexhausted claim.

<u>BACKGROUND</u>

On June 4, 1996, petitioner plead guilty to murder. Lod. No. Doc. 1. On July 2, 1996, he was sentenced to life without the possibility of parole. <u>Id.</u> Petitioner did not appeal, but has subsequently filed three state habeas petitions. On September 20, 2007, petitioner filed a petition

/////

1

1  for a writ of habeas corpus in the Shasta County Superior Court.[1]  On October 5, 2007, that
2  petition was denied as untimely.  ECF No. 1 at 14.  On July 25, 2012, petitioner filed a petition
3  for writ of habeas corpus in the California Court of Appeal.  Lod. Doc. No. 2.  On August 23,
4  2012, that petition was summarily denied.  Lod. Doc. No. 3.  On September 23, 2012, petitioner
5  filed a petition for writ of habeas corpus in the California Supreme Court.  Lod. Doc. No. 4.  On
6  December 12, 2012, that petition was denied.  Lod. Doc. No. 5.  On April 5, 2012, the instant
7  petition was filed in this court.  ECF No. 1.

8  In his petition before this court, petitioner claims ineffective assistance of counsel and that
9  his judgment was based on an invalid and false confession.  Id.  Specifically, petitioner states the
10 following ten claims: (1) "Petitioner was convicted on the basis of a guilty plea that was the
11 product of ineffective assistance of counsel"; (2) "Petitioner's counsel was ineffective in failing to
12 conduct a reasonable pretrial investigation"; (3) "Petitioner's counsel failed to obtain, consult and
13 use necessary experts, resulting in ineffective assistance of counsel"; (4) "Petitioner's counsel
14 failed to act as his diligent and conscientious advocate, resulting in ineffective assistance of
15 counsel"; (5) "Petitioner's counsel failed to present any mitigating evidence at the sentencing
16 phase"; (6) "Petitioner's counsel was ineffective in failing to advise the defendant of his right to
17 appeal"; (7) "The confession was given in an unknowing and unintelligent state of mind, counsel
18 should've suppressed it"; (8) "Petitioner an indigent was denied access to a free transcript"; (9)
19 "Counsel failed to give Petitioner discovery information, he never received a discovery packet";
20 and (10) "The state denied me the right of giving a fair statement."  Id.  The last is the
21 unexhausted claim.

22 ARGUMENTS OF THE PARTIES

23 In moving to dismiss, respondent argues that the instant petition is time-barred by the one-
24 year statute of limitations under 28 U.S.C. § 2244(d)(1).  ECF No. 12.  Respondent asserts that
25 the statute of limitations period for petitioner to file a federal petition expired on August 31, 1997.

---

[1] Respondent states that he did not receive a copy of this petition or the Shasta County Superior Court's ruling at the time he filed his motion to dismiss, but that he would lodge these documents one received is the Court requests him to do so.  ECF No. 12 at 2, n. 3.

Id.

In opposition to respondent's motion,[2] petitioner does not oppose respondent's assertion that the petition is time-barred by the applicable one-year statute of limitations. ECF No. 14. Instead, petitioner seems to argue that he is entitled to equitable tolling of the limitations period because he has new evidence establishing his innocence. Id. Although this is not explicitly argued by petitioner, his assertions amount to a claim that this new evidence establishes a credible claim of "actual innocence," thus providing an equitable exception the AEDPA statute of limitations under Schlup v. Delo, 513 U.S. 298 (1995).

In reply, respondent argues that petitioner fails to present a viable claim of actual innocence due to the timing of his petition and the lack of factual support for his actual innocence claim. ECF No 15.

DISCUSSION

I. AEDPA Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The statute of limitations applies to all federal habeas petitions filed after the statute was enacted on April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997). Under § 2244(d)(1)(A), the time for petitioner to file a federal habeas petition began running when his judgment became final. On July 2, 1996, petitioner was sentenced and he did not subsequently appeal. Lod. No. Doc. 1. Thus, his conviction became final sixty days thereafter, on August 31, 1996. See Cal. Rules of Court, Rule 8.308; Mendoza v. Carey, 449F.3d 1065, 1067 (9th Cir. 2006). The one-year limitations period for his seeking of federal habeas relief started the next day, September 1, 1996, and, absent any tolling, expired on August 31, 1997. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

---

[2] Petitioner filed a document entitled "Opposition to the Notice of Lodging Documents," which respondent and this Court construe as an opposition to respondent's motion to dismiss. ECF. No 14; ECF No. 15 at 1.

1      A. <u>Statutory Tolling</u>

2      The AEDPA statute of limitations is statutorily tolled during the pendency of any "properly filed" state collateral attack on the judgment. 28 U.S.C. § 2244(d)(2); <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006-07 (9th Cir.1999). Furthermore, the intervals between stages of California's "unusual system of collateral review" will toll the federal limitations period as long as the intervals are each of reasonable duration. <u>Banjo v. Ayers</u>, 614 F.3d 964, 968 (9th Cir. 2010). Petitioner filed his first state habeas petition on September 20, 3007, over ten years after the statute of limitations expired on August 31, 1997. Neither his first nor his subsequent state habeas petitions provide for statutory tolling of the statute of limitations as they were all filed after its expiration. Thus, the present petition should be dismissed absent a viable absolute innocence claim.

     B. <u>Actual Innocence Exception</u>

     "[A] credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the <u>Schlup</u> gateway and have his otherwise time-barred claims heard on the merits." <u>Lee v. Lampert</u>, 653 F.3d 929, 932 (9th Cir. 2011 (en banc). In order to obtain equitable tolling on this ground, however, petitioner must demonstrate "that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." <u>Id.</u> at 937. "Actual innocence means factual innocence, not mere legal insufficiency." <u>Bousley v. United States</u>, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L.Ed.2d 828 (1998). The actual innocence exception applies to a "narrow class of cases implicating a fundamental miscarriage of justice." <u>Lampert</u>, 653 F.3d at 938.

     The habeas petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." <u>Schlup</u>, 513 U.S. at 324. Such evidence need not be newly discovered, but only newly presented. <u>Green v. Johnson</u>, 350 F.3d 956, 961-963 (9th Cir. 2003). The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory," admissible at trial or not. <u>House v. Bell</u>, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L.Ed.2d 1 (internal quotation marks omitted); <u>see also</u> <u>Carriger v. Stewart</u>,

4

1 132 F.3d 463, 477–78 (9th Cir. 1997). In considering this evidence, the court "must assess the
2 probative force of the newly presented evidence in connection with the evidence of guilt adduced
3 at trial," and "may consider how the timing of the submission and the likely credibility of the
4 affiants bears on the probable reliability of that evidence." Schlup, 513 U.S. at 332. Then the
5 habeas court makes a "'probabilistic determination about what reasonable, properly instructed
6 jurors would do.'" House, 547 U.S. at 538, quoting Schlup, 513 U.S. at 329.

7 Although petitioner did not directly assert a claim of actual innocence in his opposition to
8 respondent's motion, he states that he "is actually innocent." ECF No. 14 at 1. Petitioner claims
9 that the victim of the crime he confessed to actually "died of choking on a bottle cap" and that he
10 "had nothing to do with the death." Id. at 1. He asserts that his confession was a lie and that it
11 was given in an "unknowing and involuntary state of mind." Id.; ECF No. 1 at 4. However, he
12 only asserts that his confession was unknowing and involuntary because he did not have an
13 attorney present for his confession, that he believed he would receive leniency for confessing, and
14 that he was misled into believing he would be eligible for parole. ECF No. 1 at 4, 8. Also,
15 petitioner states that he would have confessed his innocence at his sentencing hearing if not for
16 the presence of a probation officer who allegedly raped and molested him as a child. ECF No. 14
17 at 1-2.

18 Aside from his own statements, petitioner does not offer any evidence in support of his
19 allegations of constitutional error. It is clear that these statements are not reliable and that they do
20 not constitute scientific evidence, a trustworthy eyewitness account, or critical physical evidence.
21 Also, petitioner's statements have little if any probative force in connection with petitioner's
22 confession, as they were given over ten years apart. See Schlup, 513 U.S. at 332 (the court may
23 consider how the timing of the submission bears on the probable reliability of that evidence); see
24 also McQuiggin v. Perkins, ___ U.S. ___, ___, 133 S. Ct. 1924, 1928 (2013). Furthermore,
25 petitioner never challenged his judgement and sentence. Petitioner's only stated reason for failing
26 to do so was allegedly because an individual was present at his sentencing that raped and
27 molested petitioner in the past. Assuming that the probation officer did assault plaintiff as a
28 child, this does nothing to explain why petitioner did not challenge a "false" confession that had

nothing to do with the probation officer, never challenged his conviction after his sentencing hearing, or never challenged it during the lengthy delay between his conviction and the filing of his petitions. As such, petitioner has failed to support his allegations with sufficient evidence.[3]

Moreover, based on the limited information now offered by petitioner, this court does not find that it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt. A juror would certainly be reasonable in affording more weight to a confession made near the date of a crime than to statements refuting that confession which were made for the first time over a decade later. See Chestang v. Sisto, 522 Fed.Appx. 389, 391 (9th Cir. 2012) (petitioner, having plead guilty and waited ten years to assert he was not the shooter, was not entitled to the actual innocence exception to the AEDPA statute of limitations where he presented a declaration of another man claiming he, not petitioner, was the shooter). It is clear that this case does not fall into the narrow class of cases implicating a fundamental miscarriage of justice. See Lampert, 653 F.3d at 938. Furthermore, an evidentiary hearing is not necessary as the proof submitted thus far would indicate that such a hearing would be futile. Id. at 936-937 (exacting standard for actual innocence evidentiary hearings). Therefore, the actual innocence exception to the AEDPA one-year statute of limitations does not apply here.

CONCLUSION

ACCORDINGLY, the undersigned recommends that respondent's motion to dismiss (ECF No. 12) be GRANTED. There is no need to examine whether the last claim could be denied on a limitations basis, see 28 U.S.C. section 2254 (b)(2) (unexhausted claims may be dismissed on their "merits") or makes this petition a mixed one, as all other claims should be dismissed leaving a sole unexhausted claim. A petition with only unexhausted claims must be dismissed. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) .

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen

---

[3] Furthermore, the statements petitioner provides in his claim do not constitute "evidence," as they are part of his claim and he has not filed a declaration in support of his claims containing the pertinent information. A declaration containing the same information in petitioner's claims, however, would not alter this decision.

(14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 7, 2013

                                                    /s/ Gregory G. Hollows

                                      UNITED STATES MAGISTRATE JUDGE

GGH 33: blac0751.hc.mtd.fr